IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 6, 2007 Session

## ROGER C. BUTTREY v. CONNIE J. BUTTREY

**Appeal from the Chancery Court for Williamson County**
**No. 27577     R.E. Lee Davies, Chancellor**

---

**No. M2007-00772-COA-R3-CV - Filed January 2, 2008**

---

The divorced father was found to be in willful criminal contempt of a previous court order by the trial court and sentenced to 10 days in the Williamson County jail for not paying his child support in June 2006, 10 days for not paying his child support in November 2006, 10 days for not paying his child support in December 2006, and 10 days for not paying his share of the medical bills of his minor children. The father appealed.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the court, in which HOLLY KIRBY, J. and JON KERRY BLACKWOOD, SR.J., joined.

Chad Buttrey, *Pro Se*, Thompson's Station, Tennessee.

Lori Thomas Reid, Franklin, Tennessee, for the appellee, Connie J. Buttrey.

### OPINION

When the parties, Roger Buttrey and Connie Buttrey (now Simmons) were divorced in May 2001, they had two minor children.  Mr. Buttrey was  ordered to pay $100 per week in child support. At some point, the parties apparently reconciled for a period of time, resulting in the birth of a third child in 2003.  In 2005, the State filed a Petition for Contempt and Modification.  In early 2006, an agreed order modified Mr. Buttrey's child support obligation to $1,000 a month and entered judgment for a child support arrearage of $15,250 and attorney fees of $1,750.  In addition, Mr. Buttrey agreed to pay 36% of all future medical bills of his minor children not covered by insurance.

Mr. Buttrey soon fell behind in his payments.  His business failed.  Although he obtained another job, his income decreased.  Meanwhile, he went deeper into debt and had a child with his girlfriend in June 2006.  In November 2006, he filed a Petition to Modify the Divorce Decree and to Reduce Child Support.  Ms. Buttrey filed a Counter-Petition for Contempt.  At the February 2007 hearing, Mr. Buttrey testified that he made small partial payments on this child support obligation, but paid nothing for child support in June, November and December 2006.  Furthermore, he owed

$3,122.73 for his 36% of the children's medical bills. He maintained that he had not received receipts for these expenses until recently. Ms. Buttrey, now Ms. Simmons, testified that she submitted the dental bills immediately and that many bills were submitted to him multiple times.

The trial court found Mr. Buttrey in willful criminal contempt of court and sentenced him to 10 days in the Williamson County jail for not paying his child support in June 2006, 10 days for not paying his child support in November 2006, 10 days for not paying his child support in December 2006, and 10 days for not paying his share of the medical bills. The court also entered a judgment against him for the child support arrearage, medical bills and attorney's fees. Mr. Buttrey appealed, challenging the criminal contempt determinations.

Tenn. Code Ann. § 29-9-102(3) authorizes courts to find persons who willfully disobey court orders to be in contempt of court. Such persons can be sentenced to up to ten days for each violation. Tenn. Code Ann. § 29-9-103(b). In order to find a party contemptuous under Tenn. Code Ann. § 29-9-102(3) for failure to pay child support, "the court must first determine that [the party] had the ability to pay at the time the support was due and then determine that the failure to pay was willful." *Ahern v. Ahern*, 15 S.W.3d 73, 79 (Tenn. 2000). Both of these elements must be proven beyond a reasonable doubt in order to find an individual guilty of criminal contempt. *State ex rel. Murray v. Neiswinter*, No. M2005-01983-COA-R3-CV, 2007 WL 565823 at *6 (Tenn. Ct. App. February 23, 2007).

On appeal, persons convicted of criminal contempt lose the presumption of innocence and face a presumption of guilt. *Id.* at *7. "When the sufficiency of the evidence is challenged, our standard of review is whether, considering the evidence in the light most favorable to the prosecution, any trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Cottingham v. Cottingham*, 193 S.W.3d 531, 538 (Tenn. 2006). Furthermore, "[t]he prosecution is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn from it." *Id.* Finally, "[q]uestions regarding the credibility of witnesses, the weight and value of the evidence, and any factual issues raised by the evidence are resolved by the trier of fact." *Id.*

The ability to pay means precisely what it seems to mean. The individual must have the income or financial resources to pay the obligation at the time it is due. Spending money on other bills or obligations does not absolve the failure to pay court-ordered child support. In fact, having the means to meet other financial obligations evidences an ability to pay child support. Where a party accused of contempt has "voluntarily and contumaciously" placed himself in a position where he cannot obey a court order, he cannot use that inability to obey as a defense. *Curtis v. Curtis*, No. M1999-00721-COA-R3-CV, 2001 WL 310641 at *7 (Tenn. Ct. App. April 2, 2001) (perm. app. denied Sept. 10, 2001) (quoting *Bradshaw v. Bradshaw*, 133 S.W.2d 617, 619 (Tenn. Ct. App. 1939).

The evidence shows that Mr. Buttrey had the ability to pay. The Department of Human Services child support worksheet lists his gross monthly income as $4,750 in January 2006. He was earning money even though his business was failing. He began subcontracting for another company in August 2006, and testified that he averaged $847 a week based on his 1099 form. The trial court

determined that he earned a monthly gross income of $3,730 a month. Yet, he never made paying his court-ordered support a priority. Instead, he testified that, "When there's an extra penny, I send it." Thus, the chancellor stated that, "I have to conclude and agree with Ms. Simmons that the child support is last on Mr. Buttrey's list of things he needs to attend to." There is ample proof, beyond a reasonable doubt, that Mr. Buttrey had the ability to pay child support when it was due, but chose to pay other obligations instead. This does not relieve him of his court-ordered obligation.

The willfulness of this failure to pay is equally clear beyond a reasonable doubt. Mr. Buttrey had a long history of nonpayment. In January of 2006, he was found to have an arrearage of $15,250. The order of March 5, 2007 finds that he owed an additional $2,818 as of January 31, 2007. He failed to pay any child support for the months of June 2006, November 2006, and December 2006. He admitted he owed $3,122.73 in medical bills for his minor children, but he claimed he did not receive notice of the bills in a timely manner. The chancellor credited Ms. Simmons' testimony that she did give notice. Thus, Mr. Buttrey failed to pay $3,122.73 in medical bills he was under court order to pay and which the chancellor found "he absolutely has refused to pay." In the words of the chancellor, over the years Mr. Buttrey "has pretty much slid all the way through." And, as noted earlier, child support was last on his list of obligations to pay.

Finding Mr. Buttrey had the ability to pay his court-ordered obligations when they were due and willfully failed to pay them, the order of the trial court holding Mr. Buttrey in criminal contempt is affirmed.

Costs of appeal are assessed against Mr. Roger C. Buttrey, for which execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE